IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SUSAN BISHOP,                                             No. 3:14-cv-00524-HZ

        Plaintiff,                                    OPINION & ORDER

    v.

CAROLYN COLVIN, Acting Commissioner,
Social Security Administration,

        Defendant.

Merrill Schneider
Schneider, Kerr & Gibney Law Offices
P.O. Box 14490
Portland, OR 97293

    Attorney for Plaintiff

Ronald K. Silver
U.S. Attorney's Office
District of Oregon
1000 SW Third Avenue, Suite 600
Portland, OR 97204

1 – OPINION & ORDER

Gerald J. Hill
Social Security Administration
Office of General Counsel
701 Fifth Avenue, Suite 2900 M/S 221 A
Seattle, WA 98104

      Attorneys for Defendant

HERNÁNDEZ, District Judge:

      Plaintiff Susan Bishop brings this action for judicial review of the Commissioner's final decision denying her application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. This Court has jurisdiction under 42 U.S.C. § 405(g) (incorporated by 42 U.S.C. § 1382(c)(3)). For the following reasons, this Court reverses and remands the Commissioner's decision for further proceedings.

## BACKGROUND

      Born in 1969, Bishop was 43 years old at the time of the administrative hearing. Tr. 54, 36. She dropped out of school before passing the ninth grade. Tr. 40, 218. Her employment history includes a few weeks in construction clean up, approximately three months as a prep cook, and various "work experiences" through the Department of Human Services ("DHS") Temporary Assistance for Needy Families program. Tr. 177, 225. Bishop is diagnosed with depressive disorder, anxiety disorder, post-traumatic stress disorder, borderline intellectual functioning, and chronic pain disorder. Tr. 224-243. She alleges her ability to work is limited by lower back pain, arthritis in both hands, and "significant rapid weight gain." Tr. 161.

      She applied for benefits on June 23, 2010, alleging disability as of June 23, 2010, but also claims she was disabled prior to age 22. Tr. 148. The Commissioner denied her application initially and upon reconsideration, and Bishop requested a hearing before an Administrative Law Judge ("ALJ"). Tr. 69. On June 19, 2012, she appeared before ALJ David J. DeLaittre,

represented by Casey Cox. Tr. 36. The ALJ found Bishop was not disabled on October 25, 2012. Tr. 17-35. The Appeals Council denied Bishop's subsequent request for review on January 31, 2014, making the ALJ's decision the final Agency decision. Tr. 1-6. She now seeks judicial review of that decision.

## SEQUENTIAL DISABILITY ANALYSIS

A claimant is disabled if unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A).

A five-step procedure is used to evaluate disability claims. Valentine v. Comm'r, 574 F.3d 685, 689 (9th Cir. 2009). The claimant bears the burden of proving disability. Id.

At step one, the Commissioner determines whether a claimant is engaged in "substantial gainful activity." If so, the claimant is not disabled. Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520(b), 416.920(b). At step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments." Yuckert, 482 U.S. at 140-41; 20 C.F.R. §§ 404.1520(c), 416.920(c). If not, the claimant is not disabled.

For the third step, the Commissioner determines whether the impairment meets or equals "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." Yuckert, 482 U.S. at 141; 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the Commissioner proceeds to step four. Yuckert, 482 U.S. at 141.

During step four, the Commissioner determines whether the claimant, despite any impairment, has the residual functional capacity ("RFC") to perform "past relevant work." 20

C.F.R. §§ 404.1520(e), 416.920(e). If so, the claimant is not disabled. If not, the burden shifts to the Commissioner.

For step five, the Commissioner must establish that the claimant can perform other work that exists in the national economy. Yuckert, 482 U.S. at 141-42; Tackett v. Apfel, 180 F.3d 1094, 1098–1100 (9th Cir. 1999); 20 C.F.R. §§ 404.1520(e) & (f), 416.920(e) & (f). If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

## THE ALJ'S DECISION

At step one, the ALJ determined Bishop had not engaged in substantial gainful activity since her June 23, 2010 application date. Tr. 22. At step two, the ALJ found she had the following severe impairments: depressive disorder, anxiety disorder, post-traumatic stress disorder, borderline intellectual functioning, and chronic pain disorder. Id. At step three, the ALJ decided Bishop's impairments did not meet or equal, either singly or in combination, a listed impairment. Tr. 23.

At step four, the ALJ established Bishop has the RFC to perform light work as defined in 20 CFR 416.967(b), with limitations. The ALJ found she is limited to lifting and/or carrying no more than 20 pounds occasionally and 10 pounds frequently, walking and/or standing up to 6 hours in an 8 hour work day with normal breaks, sitting no less than 2 hours in an eight hour work day with normal breaks, and occasional stooping. Tr. 25. The ALJ also determined that Bishop is limited to one to two step simple tasks and simple reading and math and limited in her contact with the general public. Id. With this RFC, the ALJ established Bishop is unable to perform any of her past relevant work. Tr. 29. However, at step five, the ALJ decided that Bishop could perform jobs that exist in significant numbers in the economy such as a janitor or a

small product assembler, both categorized as "light, svp2, unskilled" jobs. Tr. 30. Thus, the ALJ concluded Bishop is not disabled. Id.

## STANDARD OF REVIEW

The reviewing court must affirm the Commissioner's decision if the Commissioner applied proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); Batson v. Comm'r of Soc. Sec. Admin., 359 F.3d 1190, 1193 (9th Cir. 2004). "Substantial evidence" means "more than a mere scintilla, but less than a preponderance." Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995)). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id.

This Court must weigh the evidence that supports and detracts from the ALJ's conclusion. Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007) (citing Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998)). The reviewing court may not substitute its judgment for that of the Commissioner. Id. (citing Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006)); see also Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading. Id.; see also Batson, 359 F.3d at 1193. However, in affirming the ALJ's findings, this Court cannot now rely upon reasoning the ALJ did not assert. Bray, 554 F.3d at 1225-26 (citing SEC v. Chenery Corp., 332 U.S. 194, 196 (1947).

## DISCUSSION

Bishop argues the ALJ erred in two ways: (1) by not sufficiently accounting for the material limitations found by examining psychologist, Dr. Keli J. Dean; and (2) by relying on the vocational expert's ("VE") testimony that Bishop could perform janitor and small product

5 – OPINION & ORDER

assembly jobs even though the ALJ limited her to jobs with only "simple 1–to–2 step instructions." Tr. 25. Bishop asserts that because the identified occupations all have a "reasoning development level" of two, they are inconsistent with the "1 –to–2 step instructions" limitation. Pl.'s Opening Brief ("Pl.'s Brief"), 12-15. The Court addresses these arguments in turn.

### I.     Examining Psychologist Statement

Bishop contends the ALJ improperly rejected the conclusions of examining psychologist, Dr. Dean, by selectively adopting portions of her opinion but then failing to discuss or credit functional limitations the doctor found which demonstrate Bishop's disability. Pl.'s Brief, 5-11. The Court agrees with Bishop and finds that if the ALJ had accounted for the limitations Dr. Dean placed on Bishop, competitive employment may have been precluded.

Social security law recognizes three types of physicians: (1) treating, (2) examining, and (3) non-examining. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996). The opinion of an examining physician is entitled to greater weight than the opinion of a non-examining physician. Id. If the ALJ disregards a treating or examining physician's opinion, and that opinion is not contradicted by another doctor, the ALJ must set forth clear and convincing reasons for doing so. Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995).

An ALJ effectively rejects an opinion when he ignores it. Smolen v. Chater, 80 F.3d 1273, 1286 (9th Cir. 1996).

#### A.     Examining Psychologist Dr. Keli J. Dean

Bishop underwent a cognitive and personality assessment with Dr. Dean in July 2006 following a referral by a mental health counselor from the DHS "Steps to Success Program." Tr. 224. The purpose of the assessment was to determine her "level of cognitive functioning, to

6 – OPINION & ORDER

identify her strengths and weaknesses, and to provide recommendations for educational and employment settings." Id. Dr. Dean stated Bishop's "mental health problems are likely contributing to her concentration problems, her low energy level, and her ability to remember information." Tr. 236. Dr. Dean mentioned Bishop could "address the demands" of work training once her "acute distress" was reduced, but a "work experience" would be more realistic initially than competitive employment. Id. If employed, the doctor recommended the services of a job coach to assist Bishop with the "acquisition to the work environment" and to "assure she receives accommodations." Id. Dr. Dean proposed Bishop be allowed to "take more frequent breaks to assist with managing anxiety symptoms" and make "telephone calls to doctors and treatment providers to assist her with managing her anxiety symptoms during the workday." Tr. 239. The doctor also stated Bishop would "benefit from on-the-job training that emphasizes being shown how to do something in addition to being told" and would need instructions "repeated more often than others." Tr. 236. Due to her social anxiety problems, Dr. Dean advised Bishop would "do best in a position which does not require interpersonal interaction" and "does not require public contact or situations which provoke her anxiety." Tr. 237, 238.

Dr. Dean completed a Mental Residual Functional Capacity report on July 15, 2010. Tr. 243. The report reflects the four criteria in Social Security Administration regulations concerning the basic mental demands of work. See 20 CFR §§ 404.1521 & 416.921. The record in this case, however, includes only the first page of the report addressing the first criterion. The page or pages that explain the three remaining criteria are missing. As to the page that was included, Dr. Dean found Bishop "moderately limited" in her ability to "remember locations and work-like procedures" and "understand and remember detailed instructions." Tr. 243. The report defines "moderately limited" as a "limitation which seriously interferes with the

7 – OPINION & ORDER

individual's ability to perform the designated activity on a regular and sustained basis, i.e., 8 hours a day, 5 days a week, or an equivalent work schedule." Id.

### a. Assessment of the ALJ's Findings

Dr. Dean's opinion is uncontradicted by other physician opinions. Therefore, the ALJ must give clear and convincing reasons for rejecting it. Lester, 81 F.3d at 830. The ALJ gave "significant weight" to Dr. Dean's opinion. Tr. 27. He found Dr. Dean's reporting "mostly consistent" with the result of Bishop's cognitive examinations, including her "difficulty with verbal comprehension and her low performance in working memory and processing speed." Id.

Despite giving Dr. Dean's report significant weight, the ALJ did not address four material mental limitations found by the doctor. First, the ALJ's RFC stated Bishop "should be limited in her contact with the general public." Tr. 25. The ALJ's limitation does not, however, fully address Dr. Dean's assessment because it suggests Bishop may have limited contact with the public whereas Dr. Dean recommends Bishop not be in a position that requires public contact or interpersonal interactions. The ALJ erred by ignoring this portion of Dr. Dean's opinion and not giving a clear and convincing reason as to why he implicitly rejected it. However, the error is harmless because the omitted limitation would not affect Bishop's ability to perform the jobs in question. See Stubbs-Danielson v. Astrue, 539 F.3d 1169, 1173 (9th Cir. 2008) ("[T]o the extent the ALJ's RFC finding erroneously omitted . . . postural limitations (only occasional balancing, stooping, and climbing of ramps and stairs), any error was harmless since sedentary jobs require infrequent stooping, balancing, crouching, or climbing.")) In this case, the ALJ's omission of Bishop's public contact limitation was harmless because the VE identified janitor and small-parts assembler jobs for Bishop. Tr. 50-52. These jobs primarily involve working with objects, rather than people. See Social Security Ruling 1985 WL 56857, *4 ("These jobs

ordinarily involve dealing primarily with objects . . . and they generally provide substantial vocational opportunity for persons with solely mental impairments who retain the capacity to meet the intellectual and emotional demands of such jobs on a sustained basis.")

Second, Bishop submits the ALJ failed to account for Dr. Dean's recommendations for additional on-the-job training.  Although the ALJ's RFC includes Bishop's moderate limitations in pace, it ignores Dr. Dean's opinion regarding additional on-the-job training.  The ALJ erred by not giving a clear and convincing reason for ignoring, and therefore rejecting, this opinion.

Third, Bishop maintains the ALJ failed to account for Dr. Dean's recommendation to allow "more frequent breaks" so she could manage her anxiety.  The RFC stated she could perform light work with "normal breaks."  Tr. 25.  Dr. Dean's opinion was uncontradicted by other physician opinions, therefore, the ALJ had to give clear and convincing reasons for ignoring the opinion. Lester, 81 F.3d at 830.  Defendant attempts to manufacture a conflict with Dr. Dean's recommendation by pointing to a non-examining physician's finding that Bishop could "persist at work tasks," but this statement is not inconsistent with Dr. Dean's recommendation for "more frequent breaks."  Because Dr. Dean's opinion was uncontradicted by other physician opinions and the ALJ failed to give clear and convincing reasons for rejecting the opinion, the ALJ's omission was legal error.

Finally, Bishop argues the ALJ failed to account for Dr. Dean's recommendation to allow "telephone calls to doctors and treatment providers . . . during the workday."  The RFC was silent about telephone calls, but did allow for normal breaks.  Bishop is not precluded from contacting her doctors and treatment providers during normal breaks, therefore the ALJ's failure to account for such a limitation is not error.

        **b.**     **ALJ's duty to complete the record**

At least one page of the Mental Residual Functional Capacity report prepared by Dr.

9 – OPINION & ORDER

Dean is missing from the record. This report should include four criteria concerning the basic demands of work, but only one is present. The ALJ did not address this report in his findings.

The ALJ has a special duty to fully and fairly develop the record and ensure the claimant's interests are considered, regardless of whether the claimant is represented by counsel. Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir. 2001). The ALJ's duty to develop the record is triggered when the evidence provided is ambiguous, or when the ALJ finds the record is inadequate for properly evaluating the evidence. Id.

Reviewing the ALJ's decision and the record as a whole, the medical evidence was ambiguous. Bishop may have disabling limitations contained in the missing pages of Dr. Dean's report. Furthermore, because this report bears directly on the nature and extent of Bishop's claimed limitations, it is both significant and probative.

Because the ALJ failed to review all pages of the evaluation, he failed to fully analyze the opinion. On remand, the ALJ must develop the record to include Dr. Dean's complete Mental Residual Functional Capacity report and explain whether he accepts or reject the parts of Dr. Dean's opinion at issue in this case.

### c.    ALJ's errors were not harmless

As explained above, the ALJ erred by failing to offer clear and convincing reasons for disregarding portions of Dr. Dean's opinion. These errors were not harmless. A harmless error is one that "was inconsequential to the ultimate nondisability determination." Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008) (citation omitted).

Bishop states the limitations Dr. Dean placed on her that were not included in the RFC precluded competitive employment. At the hearing, the VE testified the limitations in the RFC were compatible with janitor and small products assembly occupations. Tr. 50-51. On cross-examination, Bishop's counsel asked questions regarding limitations that were not included in

10 – OPINION & ORDER

the RFC, but were included in Dr. Dean's opinion:

> So having regular interaction with the employer to track her progress and check in with her on tasks. She would also require frequent, positive feedback. She would also require a job coach to assist her with interpersonal interactions on the job, and she would require more frequent breaks to assist with managing anxiety symptoms. Would that interfere with competitive employment at all?

Tr. 52. The VE responded: "I believe it would, particularly the need for a job coach and more frequent breaks indicated less than competitive employment." Tr. 52. Bishop's counsel then asked "[i]s that kind of describing more like a sheltered work environment?" Id. The VE replied: "[i]t could be described as sheltered employment, yes." Id.

Had the ALJ accounted for the limitations Dr. Dean placed on Bishop that were not included in the RFC, competitive employment may have been precluded. Therefore, the ALJ's errors were consequential to the ultimate disability determination, and not harmless.

## II.     Vocational Expert Testimony

Bishop's also argues that the ALJ erred at step five by relying on the VE's testimony she could perform janitor and small product assembly jobs, level two reasoning jobs, even though the ALJ limited her to jobs with only simple one–to two-step instructions. Pl.'s Brief, 12-15. The one-to two-step limitation the ALJ placed on Bishop is not consistent with the level two reasoning jobs the VE recommended for her. Due to this conflict, the ALJ improperly relied on the VE's testimony.

The occupational evidence provided by a VE should be consistent with the occupational information in the Dictionary of Occupational Titles (DOT). Soc. Sec. Ruling (SSR) 00–4p, available at 2000 WL 1898704. The DOT is a Department of Labor publication that identifies duties for jobs and the abilities necessary to perform those jobs. See DOT (4th ed.1991), available at http://www.oalj.dol.gov/libdot.htm. Each job description in the DOT includes a "definitional trailer" which uses a numerical system to identify the abilities a person needs to

11 – OPINION & ORDER

perform the given job. The definitional trailer for each job includes a specific "reasoning development level" which uses a one through six scoring system to identify the reasoning ability required for the particular job. For example, the definition of one janitor job, DOT # 381.687–018, describes it as requiring a reasoning level of two. 1991 WL 673258. Level Two Reasoning is defined as the ability to "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions" and to "[d]eal with problems involving a few concrete variables in or from standardized situations." 1991 WL 688702. Level One reasoning is the ability to "[a]pply commonsense understanding to carry out simple one- or two-step instructions" and to "[d]eal with standardized situations with occasional or no variables in or from these situations encountered on the job." Id.

Where there is an apparent conflict between the VE testimony and the DOT, the ALJ must elicit a reasonable explanation for the conflict before relying on the VE to support a decision about whether the claimant is disabled. Id. The ALJ may rely on a VE's testimony over a DOT description by determining the VE's explanation is reasonable and providing a basis for doing so. Id.; see also Massachi, 486 F.3d at 1153, (citing SSR 00–4p) (ALJ must first determine whether a conflict exists and, if so, whether the VE's explanation for the conflict is reasonable, and whether a basis exists for relying on the VE rather than the DOT).

There is no controlling Ninth Circuit law on whether the one-to two-step instruction is inconsistent with Level Two reasoning, and district court rulings on the question are conflicting. This Court agrees with those that found an RFC containing a specific one-to two-step limitation is inconsistent with Level Two reasoning jobs. Instead, the one-to two-step limitation is consistent with Level One Reasoning jobs which require the ability to carry out simple one-to two-step instructions. See Chase v. Colvin, No. 06:12-CV-01857-HZ, 2013 WL 5567082, at *4 (D. Or. Oct. 9, 2013) ("an express restriction in the RFC to simple one-

12 – OPINION & ORDER

and two-step instructions conflicts with jobs requiring Level Two Reasoning."); Whitlock v. Astrue, No. 3:10-CV-357-

AC, 2011 WL 3793347, at 51 (D. Or. Aug. 24, 2011) (restriction to "simple one to two step commands" not consistent with Level Two Reasoning because the restriction "is a nearly verbatim recital of the DOT definition of reasoning level one.").

 In this case, Defendant argues that the Court should reject Plaintiff's contention that the ALJ could not rely on the VE's testimony regarding janitorial positions.  The VE testified that someone with Bishop's RFC could perform janitorial work, but the DOT description of janitorial jobs does not conform to Plaintiff's RFC in two ways.  First, out of the seven jobs in the DOT that include "janitorial work", five of those jobs require a greater reasoning development level than Bishop's "simple 1–to–2 step instruction" limitation allows.  See DOT Nos. 358.687-010, 382.664.010, 389.667-010, 381.687-018, 381.687-014, 381.687-026, and 381.137-010.  Second, janitorial jobs in the DOT require a greater exertional capacity than the "light level" capacity that the ALJ found Bishop to have.  See Id.  The ALJ failed to recognize the inconsistencies between the VE's testimony and the DOT.  Absent a reasonable explanation by the VE and discussion by the ALJ as to why he relies on the VE rather than the DOT, the ALJ's decision is not supported by substantial evidence, and remand is necessary.

 Defendant also argues Bishop waived the right to raise this argument now because she failed to do so before the ALJ. Def.'s Br., 7 (citing Meanel v. Apfel, 172 F.3d 1111, 1115 (9th Cir. 1999)).  In Meanel, the plaintiff argued that, contrary to the VE's testimony, the jobs the VE identified did not exist in sufficient numbers in the local economy.  In support, the plaintiff relied on new statistical evidence not provided to the ALJ at the hearing or to the Appeals Council.  The Ninth Circuit held the plaintiff had not preserved this argument, explaining that

13 – OPINION & ORDER

"when claimants are represented by counsel, they must raise all issues and evidence at their administrative hearings in order to preserve them on appeal." Id.

Meanel is distinguishable from this case because it concerned new evidence brought for the first time in the district court appeal. Here, the VE stated that he would inform the ALJ if his testimony was inconsistent with the DOT. Tr. 50. Given that the VE is the expert charged with knowledge of the DOT, and that he identified the two occupations as suitable for someone with Bishop's limitations, there was no obvious conflict in testimony for her to raise with the ALJ or the VE. Meanel simply does not apply.

Even if Bishop waived the issue, the Court exercises its discretion to address it. There are three exceptions to the general rule that the court will not consider an issue raised for the first time on appeal: in the exceptional case in which review is necessary to prevent a miscarriage of justice or to preserve the integrity of the judicial process, when a new issue arises while appeal is pending because of a change in the law, or when the issue presented is purely one of law and either does not depend on the factual record developed below, or the pertinent record has been fully developed. Greger v. Barnhart, 464 F.3d 968, 973 (9th Cir. 2006) (citing Bolker v. C.I.R., 760 F.2d 1039, 1042 (9th Cir. 1985)). In this case, the issue presented is one of law and the relevant record has been fully developed. The Defendant has had the opportunity to respond to the arguments Bishop now raises and thus, "will suffer no prejudice as a result of the failure to raise the issue [before the ALJ]." Raich v. Gonzales, 500 F.3d 850, 868 (9th Cir. 2007). The Court also finds review of the issue is necessary to avoid a manifest injustice. Greger, 464 F.3d at 973 (quoting Meanel, 172 F.3d at 1115).

//

//

//

14 – OPINION & ORDER

//

//

CONCLUSION

The Court reverses and remands this matter to the ALJ for further proceedings (1) to either accept or reject Dr. Dean's opinion regarding Bishop's limitations and either give clear and convincing reasons for discounting her opinion in this regard or, if he accepts the opinion, include the limitations in a hypothetical posed to a VE and in his RFC assessment; (2) to develop the record to include Dr. Dean's complete Mental Residual Functional Capacity report; and (3) to address the inconsistencies between the VE's testimony and the limitations in Bishop's RFC.

IT IS SO ORDERED.

Dated this 23 day of April, 2015

/s/ Marco Hernández
MARCO A. HERNÁNDEZ
United States District Judge

15 – OPINION & ORDER